**Exhibit 1**

2025-45729 / Court: 61

7/2/2025 8:43:58 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 102677699
By: FATSURA, KOBI N
Filed: 7/2/2025 8:43:58 AM

CAUSE NO. _____

| | | |
|---|---|---|
| BUILDER'S CHOICE, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| IVAN MADRIGAL | § | |
| and ANTHONY YANNI | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

On this day, the Court considered Plaintiff Builder's Choice, Inc.'s ("BCI") Verified Original Petition, Application for Temporary Restraining Order, and Request for Expedited Discovery (the "Petition") filed against Defendants Ivan Madrigal and Anthony Yanni (together, "Defendants"). Having considered the pleadings, the declarations and other evidence submitted by the parties, and the arguments of counsel, the Court hereby **FINDS** as follows:

Ivan Madrigal served as a Director for BCI as well as its President and Chief Executive Officer. Anthony Yanni served as BCI's Chief Financial Officer.

In April 2021, new governance documents for BCI were executed in conjunction with a Loan Agreement and Share Purchase Agreement executed with BCI's largest product supplier, Western Cabinets, Inc. ("Western"). BCI and its shareholders entered into a Shareholders Agreement to govern the composition of BCI's Board of Directors and provide Western with certain rights and information relating to its interest in BCI.

The shareholders likewise adopted Amended and Restated Bylaws in April 2021 to govern BCI's business. The Bylaws provide that "the business and affairs of [BCI] shall be controlled by

the Board of Directors." Moreover, the "Directors shall act only as a board, and an individual Director shall have no power as such."

As officers of BCI, Defendants committed various acts without authority, in violation of BCI's contractual commitments, and in breach of their fiduciary duties owed to BCI. These actions include Defendants causing the following: (i) BCI expended millions of dollars on a new manufacturing division in violation of the Loan Agreement's restriction on capital expenditures in excess of $50,000 in a calendar year without Western's approval, (ii) Mr. Madrigal took out an unauthorized $1.2 million loan on behalf of BCI in violation of the Loan Agreement's restriction against incurring debt in excess of $50,000 outside the ordinary course of business and absent Western's prior approval, and (iii) Defendants refused to disclose required financial information to Western and BCI's Directors, including in relation to the unauthorized loan, in violation of the Shareholders Agreement.

Mr. Madrigal also conveyed personal benefits to himself at BCI's expense, without authority and in breach of his fiduciary duties, by (i) unilaterally increasing his annual compensation in 2024 from $240,000 to $275,000, and (ii) utilizing BCI funds to pay for an apartment in Houston, Texas.

Defendants' actions also put the Loan Agreement into default. More than $1.9 million is now immediately due and payable to Western under the Loan Agreement due to Defendants' conduct.

On June 26, 2025, a lawyer purporting to represent BCI at Mr. Madrigal's direction, sent a letter to attorneys for Western threatening to file a bankruptcy petition on behalf of BCI on July 4, 2025. At no time were Defendants granted authority by BCI's Board of Directors to institute bankruptcy proceedings on behalf of BCI. Because BCI's relationships with its customers

depend in large part upon their trust that BCI will continue to reliably provide its services and make contracted deliveries, any disruptions to BCI's business could cause irreparable harm to BCI's business.

BCI's Board of Directors terminated and removed Defendants from any and all director, officer, employee, agency, and representative roles for BCI on July 1, 2025. As a result, Defendants' no longer have any right or authority to act on BCI's behalf.

With this in mind, the Court further **FINDS** that BCI has no adequate remedy at law and that a temporary restraining order is necessary to maintain the status quo until a temporary injunction hearing can be had.

It is therefore **ORDERED** that Defendants (and their agents, servants, employees, or anyone in active concert or participation with them) are hereby temporarily restrained from the following absent written authorization provided by BCI's Board of Directors:

    a. Taking or attempting to take any actions on behalf of BCI;

    b. Binding or attempting to bind BCI to any agreements or obligations;

    c. Exercising, waiving, or attempting to exercise or waive, any of BCI's rights;

    d. Filing or attempting to file any petition for relief under the United States Bankruptcy Code any other present or future federal or state insolvency, bankruptcy or similar laws;

    e. Incurring or attempting to incur any debts or obligations on behalf of BCI;

    f. Selling or attempting to sell any of BCI's assets;

    g. Entering any premises owned or operated by BCI; and

    h. Accessing or attempting to access any of BCI's systems, including but not limited to computer and other information technology systems, customer and

vendor databases, BCI website and social media accounts, bank accounts and other financial systems, accounting systems and records, and payroll or other human resources portals. (i) Contacting any vendors, business partners or current customers of BCI.

Actual notice of this Temporary Restraining Order shall be made by personal service in accordance with the Texas Rules of Civil Procedure.

It is further **ORDERED** that this Temporary Restraining Order shall expire on ___July 11,_____, 2025, at __5:00___ a.m./p.m., which is ~~fourteen (14)~~ nine ((9)) days from the signing of this Order.

It is further **ORDERED** that BCI's Application for Temporary Injunction be heard before the _____ Judicial District Court of Harris County, Texas, on __July 11_____, 2025, at __10:00___ a.m./p.m. in the Courtroom of the ___61st____ Judicial District Court of Harris County, Texas.

The clerk of the above-titled Court shall forthwith, on the filing by BCI of the required bond in the amount of _$500.00_, and on approving the same according to the law, issue a Temporary Restraining Order in conformity with the law and the terms of this Order.

**SO ORDERED** this day at _____ a.m./p.m. on _____, 2025.

Signed:
7/2/2025
1:16 PM            _[signature]_
_____
HONORABLE JUDGE PRESIDING

4

STATE OF TEXAS
COUNTY OF HARRIS

I, Marilyn Burgess, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office this 7/2/2025

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy
Julio Garcia

CAUSE NUMBER 2025-45729

Builder's Choice, Inc.
PETITIONER

vs.

Ivan Madrigal and Anthony Yanni
RESPONDENT

§ IN THE DISTRICT COURT OF

§ HARRIS COUNTY, TEXAS

§ 61st JUDICIAL DISTRICT

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU OF INJUNCTION BOND PER ORDER OF THE COURT

THE STATE OF TEXAS §
COUNTY OF HARRIS §

THIS DOCUMENT IS TO CERTIFY that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of Five hundred and 00/100 Dollars ($ 500.00 ), to be deposited with the Registry of the Court in lieu of a Temporary Restraining Order Bond or a Temporary Injunction Bond, as required by Rule 684, T.R.C.P, in the above styled and numbered cause as provided by the order entered on the 2nd day of July, 2025.

This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a **TEMPORARY RESTRAINING ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

WITNESS my hand and seal of office this 2nd day of July A.D., 20 25

Marilyn Burgess, District Clerk
Harris County, Texas
PO BOX 4651
Houston, Texas 77210-4651

By: _____
Deputy District Clerk

**FILED**
Marilyn Burgess
District Clerk
JUL -2 2025
Time: ___
By ___ Harris County, Texas
Deputy

Principal: _____

Attorney: Nick Petree
Bar Number: 24083657

Page 1 of 1

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Famintake\Post Bond                    Created 3/2/04