**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BUILDERS CHOICE, INC. | ) | Case No. 25-33831 |
| | ) | |
| Debtors. | ) | Hon. Eduardo V. Rodriguez |
| | ) | |
| _____ | ) | |

**DEBTOR'S OBJECTION TO EMERGENCY MOTION TO DISMISS**

Builder's Choice, Inc. ("BCI" or the "Debtor"), by and through its undersigned counsel, submits this objection (the "Objection") to the Emergency Motion to Dismiss or Abstain filed by Stan Tidwell and Western Cabinets, Inc. (collectively, "Western") and in support thereof states as follows:

**I. INTRODUCTION**

1. BCI submits this Objection on an expedited basis because Western has requested emergency relief that could effectively dispose of this case without affording BCI a fair opportunity to be heard. The Emergency Motion was filed the afternoon of July 3, 2025—the afternoon before a federal holiday—yet seeks relief as of the same day, July 3, 2025. BCI respectfully requests that the Court deny the Motion or, alternatively, set it for hearing at the Court's convenience next week.

2. The Chapter 11 filing was properly authorized under BCI's corporate governance documents and was necessary to protect the company, its employees, and its stakeholders from an ongoing campaign of breaches of fiduciary duty, bad faith, and improper control efforts by Mr. Tidwell and Western.

## II. BACKGROUND

3. BCI is a Texas-based company engaged in the manufacture and sale of cabinets and countertops.

4. In April 2021, Western provided financing to BCI through a secured loan and acquired stock in BCI. The transaction was memorialized in a Shareholders' Agreement which makes clear that:

a. So long as Ivan Madrigal owns any shares, he is entitled to designate a majority of the Board of Directors. Doc. 7-8 (Shareholders' Agreement § 1.2(a).)

b. Mr. Madrigal cannot be removed from the Board absent Cause. *Id.* § 1.4(a).

5. Despite these clear governance provisions, Mr. Tidwell engaged in a series of improper acts in breach of his fiduciary duties to BCI. These include:

a. Interfering with BCI's customer relationships, including approaching M/I Homes directly.

b. Conspiring with BCI's key employees, Michael Valencia and Rickey Contreras, who resigned without notice and without fulfilling their transition responsibilities.

6. In February 2025, BCI formally requested Mr. Tidwell's resignation for cause. *See* Ex. A, February 10, 2025 Letter.

7. In June 2025, credible evidence emerged that Mr. Tidwell, Valencia, and Contreras were actively working to destabilize BCI. To protect the company, Mr. Madrigal executed emergency corporate resolutions on June 14 and June 16, 2025:

a. Rescinding the unvested shares of Contreras and Valencia.

b. Removing Mr. Tidwell from the Board.

c. Authorizing the filing of a Chapter 11 petition. *See* Ex. B, Emergency Resolutions.

8. Prior to filing this case, BCI sought to resolve these disputes consensually through a proposal that would have allowed an orderly separation and preserved value. *See* Ex. C, June 26, 2025 Letter.

9. When it became clear that Mr. Tidwell intended to execute a hostile takeover—including physically locking out BCI's executive staff—BCI had no choice but to file this case.

10. The $1.9 million loan that Western claims as the basis for default is current and not in payment default. The other purported defaults cited by Western are pretextual and should have been addressed through proper Board channels, not through a self-help coup.

### III. ARGUMENT

**A. Mr. Madrigal Had Proper Authority to File the Petition.**

11. The Shareholders' Agreement unambiguously grants Mr. Madrigal the right to designate four out of seven Board members, providing Board control so long as he owns any shares. *See* Shareholders' Agreement § 1.2(a).

12. Texas law recognizes the authority of corporate boards to act swiftly to preserve the business in the face of director misconduct. See Tex. Bus. Orgs. Code § 21.401 et seq. The emergency resolutions were validly adopted and are enforceable. Mr. Tidwell's removal for cause was warranted by his multiple breaches of fiduciary duty. Indeed, all of Mr. Tidwell's action before this Court and the Harris County Court demonstrate why BCI needed to remove Mr. Tidwell.

**B. The Bankruptcy Filing Was Proper and Necessary.**

13. Bankruptcy courts have long held that filing to preserve enterprise value and protect the debtor from predatory insiders is proper. *See In re SGL Carbon Corp.*, 200 F.3d 154, 166 (3d Cir. 1999).

14. Here, BCI filed not to avoid legitimate creditor claims, but to protect itself from a hostile takeover by a party already in breach of fiduciary duties. BCI has already identified a buyer for its countertop division and intends to pursue a value-maximizing process for all creditors and stakeholders.

**C. The Loan Is Not in Default and Control Remains with BCI.**

15. The $1.9 million note is current. There is no legitimate basis for Western's claim that it can seize control of BCI or Mr. Madrigal's shares.

16. Governance disputes like this are precisely the kind of matters that federal bankruptcy courts are empowered to resolve.

**D. Abstention is Inappropriate.**

17. Abstention under 28 U.S.C. § 1334(c) is an extraordinary remedy that should be used sparingly. *See In re Gober*, 100 F.3d 1195, 1207 (5th Cir. 1996). There is no parallel proceeding in state court capable of resolving the core issues here.

## IV. CONCLUSION

18. The Emergency Motion should be denied in its entirety.

19. BCI respectfully requests that the Court set the Motion for hearing at the Court's convenience next week, given the timing of Western's filing and the intervening federal holiday.

Dated:  July 3, 2025

Respectfully submitted,

/s/ Trent Stephens
FisherBroyles, LLP
P:  224-777-1787
Email: Trent.Stephens@fisherbroyles.com

*Counsel for the Debtor*

CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, a true and correct copy of the foregoing document was served via email and United States Mail, First Class postage prepaid, or email, upon the following parties:

Counsel for Stan Tidwell
Nicholas Petree
AZA (Ahmad, Zavitsanos & Anaipakos, P.C.)
1221 McKinney, Suite 2500
Houston, Texas 77010
Tel: (713) 600-4920
Fax: (713) 655-1101
Email: npetree@azalaw.com

Joshua W. Wolfshohl
Porter Hedges LLP
1000 Main, 36th Floor
Houston, TX 77002
713-226-6000
Fax : 713-228-1331
Email: jwolfshohl@porterhedges.com

Christopher Ross Travis
Office of the United States Trustee
515 Rusk Street
Ste 3516
Houston, TX 77002
202-603-5225
Email: C.Ross.Travis@usdoj.gov

Dated: July 3, 2025

Respectfully submitted,

/s/ Matthew M. Wawrzyn
Matthew M. Wawrzyn
FisherBroyles, LLP
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
Tel: (224) 777-1787
Email: matthew.wawrzyn@fisherbroyles.com